D. Blair Clark
RINGERT CLARK CHARTERED
455 South Third, P.O. Box 2773
Boise, ID 83701
Phone: (208) 342-4591
Fax: (208) 345-4657
Idaho State Bar No. 1367
Attorneys for Debtor

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In re:**<br><br>**WBW, LLC.,**<br><br>　　　　**Debtor.** | **Case No. 03-02387** |
| DELANEY AND COMPANY, INC., a Montana Corporation, and KEN LECLAIR,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WBW, LLC,<br><br>　　　　Defendant | Adversary No. 06-6001<br><br>**ANSWER** |

　　　　COMES NOW the Defendant, and answers Plaintiff's Complaint as follows:

1.　　Defendant admits paragraphs 1-6 inclusive.

2.　　Answering paragraphs 7-9 inclusive, Defendant asserts that the Option speaks for itself and denies the allegations as propounded to the extent it purports to characterize the option. Moreover, the option itself was drafted by attorneys on behalf of Delaney & Company and Ken LeClair, and in case of ambiguity, should be construed against them.

**ANSWER - Page 1**
\\Server01\mb\mbwork\Blair\WBW, LLC\Montana\Montana Adversary\answer to adversary.wpd

3. With respect to paragraph 10, the same is denied.

4. With respect to paragraph 11, the same is denied.  Delaney/LeClaire have been participants in this Court, and have knowledge of the bankruptcy case.

5. With respect to paragraph 12, Defendant has no direct knowledge of the truth or falsity of any allegation therein, and denies the same.

6. With respect to paragraph 13, Defendant denies the same as propounded.  Mr. Heide, as principal of WBW, had given Mr. Jahnke authority as he testified previously before this Court.

7. With respect to paragraph 14, Defendant admits the same.  Mr. Jahnke does in fact have <u>no</u> interest in WBW.

8. With respect to paragraphs 15-17 inclusive, Defendant has no direct knowledge of the truth or falsity of any allegation therein, and denies the same.

9. With respect to paragraphs 18 and 19, Defendant admits the same.

10. With respect to paragraphs 20-25, Defendant denies the same.  With regard to paragraph 21, Defendant specifically denies that there was ever any attempt to "get around" the terms of the option.  Plaintiffs themselves admit that there is nothing that prohibits a simultaneous closing or "flip" transaction in the Option Agreement.  With regard to paragraph 23, Plaintiff LeClair has testified under oath that he knew that Sunrise was to be the owner of the property, and raised no objections as of January, 2005.   With regard to paragraph 25, not only did LeClair so testify, but the notice of exercise of the option itself showed that Clair Daines owned the fax machine that transmitted the exercise.

11. With respect to paragraph 26, Defendant admits the same.

12. With respect to paragraphs 27-28, Defendant has no direct knowledge of the truth or falsity of any allegation therein, and denies the same.

**ANSWER - Page 2**
\\Server01\mb\mbwork\Blair\WBW, LLC\Montana\Montana Adversary\answer to adversary.wpd

13.   With respect to paragraph 29, Defendant admits the same.

14.   With respect to paragraphs 30-35 and 37-39, Defendant has no direct knowledge of the truth or falsity of the bulk of the allegations therein, and denies the same.  Specifically with regard to paragraph 36, Defendant denies the same.   As stated earlier, Plaintiffs knew of Mr. Daines' involvement.  Moreover, documentation from Susan Simley, Plaintiffs' counsel, showed that Stewart Title in Bozeman had advised her that WBW "has sold or is assigning purchase" at or prior to December 30, 2004.  Thus, at the time of exercise and closing, Plaintiffs had full knowledge of the involvement of Sunrise and Daines, and are estopped to deny the validity of the transaction.

15.   With respect to paragraphs 40-43, Defendant admits that the litigation was filed and the chronology of the pleadings, and denies the remainder.

16.   With respect to paragraph 44, Defendant denies the same.

17.   With respect to paragraph 45, Defendant admits and denies as above set forth.

18.   With respect to paragraphs 46-53, Defendant denies the same.

19.   With respect to paragraph 54-56, Defendant denies the same as propounded.

20.   With respect to paragraph 57, Defendant denies the same.

21.   With respect to paragraph 58, Defendant admits the same.

22.   With respect to paragraphs 59-65, Defendant denies the same.

23.   With respect to paragraph 66, Defendant admits that subsequent to closing, Plaintiffs learned that WBW was in bankruptcy proceedings and denies the remainder.

24.   With respect to paragraphs 67-74, Defendant denies the same.

25.   With respect to paragraph 75, Defendant admits and denies as above set forth.

26.   With respect to paragraphs 76-78, Defendant denies the same.

27. With respect to paragraphs 79, Defendant admits and denies as above set forth.

28. With respect to paragraphs 80-97, Defendant denies the same.

29. With respect to paragraph 98, Defendant admits and denies as above set forth.

30. With respect to paragraph 99, Defendant denies the same.

31. With respect to paragraph 100, Defendant admits and denies as above set forth.

32. With respect to paragraphs 101-112, Defendant denies the same.

AS AND FOR AFFIRMATIVE DEFENSES, DEFENDANT ALLEGES:

33. Defendant did in fact exercise the option, acquire the property, and pay for the same. Defendant thereafter sold the property. Title passed from Plaintiff to Defendant, as allegedly required.

34. Plaintiffs were aware that once Debtor acquired the Montana property via exercise of the Option, it could transfer it to any other party.

35. Plaintiffs had specifically granted power of attorney to Susan Swimley, their attorney, to consummate this transaction. Ms. Swimley is a duly authorized attorney at law in Montana, and was at all times relevant hereto, the attorney for Plaintiffs in the handling of this transaction. Ms. Swimley waived various requirements related to the transaction at issue.

36. Ms. Swimley had actual knowledge of the activity of Virgil Jahnke, and that WBW would not be the final owner of the property once the transaction was totally closed. Consequently, any defect as a result thereof was waived by Plaintiffs, and Plaintiffs are estopped to rely thereon.

WHEREFORE, Defendant WBW prays that Plaintiffs have and recover nothing by their Complaint; for attorneys' fees and costs of suit; and for such other relief as may seem just and equitable.

Dated this 20th day of February, 2006.

RINGERT CLARK CHARTERED

/S/
D. Blair Clark, Attorney for Defendants

I hereby certify that on the 20th day of February, 2006, I caused to be served a true and correct copy of the within and foregoing to:

| | |
|---|---|
| Howard Foley | VIA ECF |
| Doug James | VIA E-MAIL |
| Sheila Schwager | VIA ECF |
| Gary McClendon | VIA ECF |
| Frances Stern | VIA ECF |

/s/
D. Blair Clark