Sheila R. Schwager, ISB No. 5059
Loren K. Messerly, ISB No. 7434
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: (208) 344-6000
Facsimile: (208) 342-3829
Email: srs@hteh.com
       lmes@hteh.com

Attorneys for Delaney and Company, Inc. and Ken LeClair

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

(Boise)

| | |
|---|---|
| In Re:<br><br>WBW, LLC,<br><br>        Debtor. | Case No. 03-02387 TLM<br><br>Chapter 7 |
| DELANEY AND COMPANY, INC., a Montana corporation, and KEN LECLAIR,<br><br>        Plaintiffs,<br>vs.<br><br>WBW, LLC, a Washington Limited Liability Company, and SUNRISE DEVELOPMENT, L.L.C., a Montana limited liability company,<br><br>        Defendants. | Adversary Proc. No. 06-6001 TLM<br><br>SECOND AMENDED COMPLAINT |
| WBW, LLC,<br><br>        Third-Party Plaintiff, | |

SECOND AMENDED COMPLAINT - 1

vs.                                            )
                                               )
SUNRISE DEVELOPMENT, L.L.C., a                 )
Montana limited liability company; and         )
VIRGIL JAHNKE, an individual,                  )
                                               )
       Third-Party Defendants.              )
                                               )

Delaney and Company, Inc. ("Delaney") and Ken LeClair ("LeClair") (collectively, "Delaney and LeClair"), by and through their attorneys of record, Hawley Troxell Ennis & Hawley LLP, for their Complaint against WBW, LLC, the Debtor ("WBW") and Sunrise Development LLC ("Sunrise"), state and allege as follows:

I.

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Delaney is a Montana corporation with its principal place of business located in Bozeman, Gallatin County, Montana.

2. Plaintiff LeClair is an individual residing and conducting business in Bozeman, Gallatin County, Montana.

3. Defendant WBW is a Washington limited liability company that filed for Chapter 11 bankruptcy protection, through WBW's sole and managing member, Melvin G. Heide ("Heide"), on June 27, 2003, in the United States Bankruptcy Court for the District of Idaho, Case No. 03-02387.

4. Defendant Sunrise is a Montana limited liability company.

5. This adversary proceeding is related to WBW's bankruptcy case under Title 11 of the United States Code.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue is proper in the above-named Court pursuant to 28 U.S.C. §§ 157 and 1409.

## II.

## GENERAL ALLEGATIONS

8. On May 28, 2003, Delaney and LeClair executed in favor of WBW an Exclusive Option to Purchase Agreement ("Option Agreement"), granting an option to purchase the following described real property located in Gallatin County, Montana:

> Tract A1 of Certificate of Survey No. 1872, a tract of land being a portion of Tract A of Certificate of Survey No. 1872, located in the SW1/4 of Section 10, Township 2 South, Range 5 East, M.P.M., Gallatin County, Montana, according to the official plat thereof on file and of record in the office of the county clerk and recorder of Gallatin County, Montana. (Containing approximately 8.9116 acres more or less).

("Subject Property").

9. Pursuant to the terms of the Option Agreement, WBW was to pay the total purchase price of $435,000, plus certain additional expenses and interest. Pursuant to the terms of the Option Agreement, in order to exercise the Option, WBW was to provide the requisite 30-day notice and then pay and close the purchase of the Subject Property, on or before December 31, 2004. In the event that WBW failed to exercise the Option accordingly, the Option Agreement was to expire at 5:00 p.m. on December 31, 2004 and be of no further force and effect.

10. The Option Agreement expressly provided that it was exclusive to WBW and could not be assigned without the written consent of Delaney and LeClair.

SECOND AMENDED COMPLAINT - 3

42601.0001.1069162.1

11. WBW did not disclose its contractual interest under the Option Agreement as an asset in WBW's bankruptcy schedules. At no time has WBW disclosed its interest in the Subject Property in the bankruptcy schedules.

12. Delaney and LeClair did not receive notice of the bankruptcy filing of WBW.

13. During the fall of 2004, Virgil Jahnke ("Jahnke") contacted Clair Daines, a resident of Montana ("Daines") and a principal of Sunrise, seeking to enter into a transaction regarding the Subject Property. Subsequently, Jahnke agreed to sell the Subject Property to Sunrise.

14. Heide had not given Jahnke authority to actually sell, assign, or exercise WBW's Option Agreement, nor was Jahnke authorized to sell the Subject Property or execute documents on behalf of WBW.

15. Jahnke is not listed as an employee or agent of WBW in the bankruptcy schedules, nor is it disclosed that Jahnke has any ownership or other interest in WBW. None of the monthly financial reports or other post-petition pleadings filed by WBW in its chapter 11 proceeding disclose any such relationship or involvement by Jahnke.

16. On December 1, 2004, Larry Holle ("Holle"), an attorney of the law firm of Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P. ("Crowley Firm"), sent a letter to Delaney and LeClair stating that Holle had been retained by WBW and was authorized to provide notice of the intent to exercise the Option Agreement on behalf of WBW.

17. On or about December 1, 2004, Heide, on behalf of WBW, sent notice to Delaney and LeClair advising them that WBW intended to exercise the Option.

18. In December 2004, WBW lacked the legal ability and the financial ability to independently pay the purchase price set forth in the Option Agreement. In December 2004,

SECOND AMENDED COMPLAINT - 4

Heide had no knowledge that Jahnke had attempted to enter into an agreement with Daines and/or Sunrise. In December 2004, Heide had no knowledge that the Crowley Firm had sent the notice of intent to exercise the Option on behalf of WBW to Delaney and LeClair.

19. At no time did WBW seek authorization from the Bankruptcy Court to retain the Crowley Firm, to send notice of intent to exercise the Option, to exercise the Option, to obtain financing from Daines or Sunrise, or to sell the Subject Property to Sunrise.

20. On December 30, 2004, Sunrise was unable to close the transaction at Stewart Title of Bozeman, Montana, due to a failure of Jahnke to provide Stewart Title of Bozeman the necessary limited liability company resolution from WBW authorizing Jahnke to execute closing documents on behalf of WBW.

21. Jahnke had submitted a "power of attorney;" to Stewart Title of Bozeman. The power of attorney was executed by Heide in 1996, was personal to Heide, and did not purport to grant Jahnke authority to act on behalf of WBW.

22. Stewart Title of Bozeman informed Delaney and LeClair that the title company possessed funds to complete the transaction but was unable to close the transaction due to the lack of necessary signator authority to execute the closing documents.

23. Thereafter, the Crowley Firm handled the closing of the transactions regarding the Subject Property and presented the payment for the Option to Delaney and LeClair.

24. Delaney and LeClair caused the warranty deed transferring the property to WBW to be given to who they understood to be WBW's counsel.

25. Shortly after the Subject Property was transferred to WBW from Delaney and LeClair via warranty deed, Daines and/or Sunrise then obtained a warranty deed executed by Jahnke as "attorney in fact" for WBW's manager, Heide.

SECOND AMENDED COMPLAINT - 5

26. Subsequent to the closing of the transaction, Delaney and LeClair learned that WBW was subject to bankruptcy proceedings in the state of Idaho; had not received authorization to exercise the Option Agreement; did not have its own funds to exercise the Option or approval to borrow funds; and did not have authority to sell the Subject Property.

27. Delaney and LeClair would not have authorized the transaction to close and a warranty deed to be issued to WBW if Delaney and LeClair had known WBW's lack of knowledge of the transactions and lack of authority.

28. Daines and Sunrise claim that they had no knowledge of WBW's bankruptcy filing or Jahnke's lack of authority.

29. Due to the lack of WBW's ability or authority to transfer the Subject Property to Sunrise or Daines, Sunrise has not obtained valid title to the Subject Property.

### III.

### CLAIM FOR RELIEF
### (VOID TRANSACTIONS -- RESCISSION)

30. Delaney and LeClair incorporate herein by reference as though set forth in full paragraphs 1 through 29 of this Amended Complaint.

31. The failure to obtain bankruptcy court approval for the purported financing and the purported sale, voided any and all attempts by WBW to obtain rightful title to the Subject Property or to transfer the Subject Property to Daines and/or Sunrise.

32. WBW's lack of knowledge of the closing transaction and failure to tender the funds due under the Option Agreement, resulted in the Option Agreement expiring at 5:00 p.m. on December 31, 2004.

33. Delaney and LeClair would not have authorized the transaction to close and a warranty deed to be issued to WBW if Delaney and LeClair had known about WBW's lack of knowledge regarding the transactions and lack of authority.

34. Delaney and LeClair were under a mistake of law and/or mistake of fact when the warranty deed was transferred to WBW.

35. Delaney and LeClair are able, willing and ready to return the funds delivered to them for the delivery of the warranty deed of the Subject Property.

36. As a void transaction, the closing transaction should be rescinded and the parties returned to the status quo prior to the completion of the closing transaction due to WBW's failure to comply with the terms of the Option Agreement and Delaney and LeClair's lack of knowledge of the same.

37. Due to WBW's failure to properly exercise the Option, the deed from Delaney and LeClair to WBW should be rescinded.

38. WBW never properly exercised the option and never had an interest in the Subject Property to transfer to Sunrise.

39. Jahnke never had authority to act for WBW in attempting to transfer the Subject Property to Sunrise.

40. WBW did not have clear title to sell the Subject Property or the Option to Sunrise.

41. Sunrise has no interest in the Subject Property, as Sunrise received a deed from Jahnke, who had no authority to transfer the Subject Property to Sunrise.

42. Sunrise has no interest in the Subject Property, as the deed purports to transfer the Subject Property from WBW and WBW had and has no interest in the property due to its failure to properly exercise its Option.

SECOND AMENDED COMPLAINT - 7

43. The deed to Sunrise should be rescinded.

44. Delaney and LeClair have no adequate remedy at law.

WHEREFORE, Delaney and LeClair pray judgment be entered in favor of Delaney and LeClair and against WBW and Sunrise as follows:

1. For an order canceling, rescinding and nullifying the transfer of the Subject Property from Delaney and LeClair to WBW, thus rendering void any purported subsequent transfers made by WBW;

2. For an order canceling, rescinding and nullifying the transfer of the Subject Property from WBW to Sunrise;

3. For a determination that WBW and Sunrise have no interest in the Subject Property and therefore the Subject Property is not property of the WBW's bankruptcy estate;

4. For attorneys' fees and expenses incurred by Delaney and LeClair to enforce their rights under the exclusive, non-assignable Option Agreement;

5. For costs of suit herein; and

6. For such other and further relief as the Court shall deem proper.

DATED THIS 31st day of October, 2007.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Sheila R. Schwager
Attorneys for Delaney and Company, Inc.
and Ken LeClair

SECOND AMENDED COMPLAINT - 8

42601.0001.1069162.1